UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 22-cr- 46-SE (1/4) |
| v. | |
| SUNNA SEPETU,<br>NAFIS QUAYE,<br>STELLA OSABUTEY, and<br>SAMUEL ANSAH | |

**<u>INDICTMENT</u>**

The Grand Jury charges:

<u>Background</u>

At all times relevant to this indictment:

1. SUNNA SEPETU was a resident of New Hampshire and a signatory on one or more bank accounts for a company called LOGITECH GROUP LLC.

2. NAFIS QUAYE was a resident of Massachusetts and a signatory on one or more bank accounts for a company called EASY SOFT SOLUTIONS LTD.

3. STELLA OSABUTEY was a resident of Massachusetts and a signatory on one or more bank accounts for a company called MICRO SYNCNETIC.

4. SAMUEL ANSAH was a resident of either Ghana or Italy and a signatory on one or more bank accounts for a company called LAVITA EXPRESS.

5. Person 1 and Person 2 are individuals who were fraudulently induced to send their personal funds to bank accounts associated with the defendants, their companies, and other co-conspirators and entities.

<u>COUNTS ONE through FIVE</u>
Wire Fraud
18 U.S.C. §§ 1343, 2

6. Paragraphs 1 through 5 of this Indictment are re-alleged.

7. Between an unknown date but starting no later than in or around 2013, and continuing until an unknown date not before on or about December 23, 2019, in the District of New Hampshire and elsewhere, the defendant,

SAMUEL ANSAH,

knowingly and willfully devised a scheme and artifice to defraud and for obtaining money and property from Person 1 and Person 2 by means of false and fraudulent pretenses, representations, and promises. ANSAH, and others unknown to the grand jury, assumed false identities and, posing as those false identities, established relationships with Person 1 and Person 2. Through a series of on-line, email, text, and telephonic communications, ANSAH, either directly or through others unknown to the grand jury, deceptively and through false pretenses secured the confidence and trust of Person 1 and Person 2 and induced them to transfer their personal funds to the companies identified in paragraphs 1 through 4 above. For the purpose of executing this scheme and artifice, and attempting to do so, ANSAH caused the following writings, signs, signals, and pictures to be transmitted by means of wire communication in interstate and foreign commerce:

| COUNT | APPROXIMATE DATE | **FRAUDULENT WIRE COMMUNICATION** |
|---|---|---|
| ONE | 4/15/2019 | Text message from "Shawn Walker" to Person 1 inducing transfer of $75,000 to Logitech on 4/19/2019 |
| TWO | 3/20/2018 | Email message "Shawn Walker" to Person 1 inducing transfer of $110,000 to Micro Syncnetic on 3/20/2018 |
| THREE | 9/23/2019 | Text message from "Shawn Walker" to Person 1 inducing transfer of $25,000 to LaVita Express on 9/30/2019 |

| FOUR | 9/4/2019 | Google chat message from "Jack Walker" to Person 2 inducing transfer of $50,200 to LaVita Express on 9/6/2019 |
| FIVE | 10/23/2019 | Google chat message from "Jack Walker" to Person 2 inducing transfer of $30,500 to LaVita Express on 10/23/2019 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

Conspiracy to Commit Money Laundering
18 U.S.C. § 1956(h)

9. Paragraphs 1 through 5 of this Indictment are re-alleged.

10. Between an unknown date but starting no later than on or about December 2, 2015, and continuing until an unknown date not before on or about August 10, 2020, in the District of New Hampshire, and elsewhere, the defendants,

**SUNNA SEPETU,**

**NAFIS QUAYE,**

**STELLA OSABUTEY,**

and

**SAMUEL ANSAH,**

did knowingly combine, conspire, and agree with each other and with other persons both known and unknown to the Grand Jury to commit an offense against the United States, namely, money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). Specifically, the defendants did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Five, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to: a sum of money equal to the amount of proceeds obtained as a result of the charged offenses.

Upon conviction of one the offense alleged in Count Six of this Indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the offense, and all property traceable to such property.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

Dated: April 18, 2022

/s/Grand Jury Foreperson
FOREPERSON

JOHN J. FARLEY
UNITED STATES ATTORNEY

/s/ Charles L. Rombeau

By:   Charles L. Rombeau
      Assistant U.S. Attorney