IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.                                    ] | No. 22-cr-46-SE |
| ] | |
| NAFIS QUAYE                  ] | |
| ] | |

### ASSENTED TO MOTION FOR COMPLEX CASE DESIGNATION AND TO CONTINUE TRIAL

Nafis Quaye, by his attorney Eric Wolpin, and with the assent of all parties, respectfully requests that the Court designate this case as "complex" within the meaning of the Speedy Trial Act and Local Rule 10.2, postpone the July 19, 2022, trial date, and schedule a status conference to set forth relevant deadlines.

On April 18, 2022, the Government indicted Samuel Ansah, Sunna Sepetu, Nafis Quaye, and Stella Osabutey. Mr. Ansah was charged with five counts of wire fraud, and all four defendants were charged with conspiring to launder money. ECF Doc. 1. The conspiracy count alleges conduct from 2015 to 2020. *Id.*

On May 24, 2022, Ms. Osabutey waived her appearance at arraignment and entered a not guilty plea. On May 25, 2022, The Court held an initial appearance for Mr. Quaye and Ms. Sepetu, and both entered pleas of not guilty. Mr. Ansah has not yet been brought before the Court. Jury Selection/Trial is scheduled for the two-week period beginning July 19, 2022.

Between June 13 and June 16, 2022, the Government provided Defense Counsel with initial discovery over three productions. Discovery shows that the

Government began its investigation into these charges in 2018. The Government conducted interviews and gathered documents across three continents—North America, Europe, and Africa—over a period of years. Through its investigation, the Government accumulated a vast number of communications via email, phone, and social media, and financial records that pertain to the alleged conspiracy. The Government provided Defense Counsel with a seven page, "Initial Discovery Production Inventory" that includes fifteen-hundred items, some of which are single-page "placeholders" representing voluminous source materials.

This case is unusual and complex due to the nature of the prosecution, the volume of discovery, the number of codefendants, and the prevalence of witnesses residing out-of-state and potentially abroad. It is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act, 18 U.S.C § 3161, even with the exercise of due diligence. *See* 18 U.S.C § 3161(h)(7)(B)(ii) (in considering whether to grant a continues, the Court may consider "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.").

Per New Hampshire LCrR Rule 10.2, covering "Complex Cases," upon a finding by the Court that the case is likely to be "unusually complex," the Court shall schedule

a status conference and set relevant deadlines.[1] The parties agree that this case is "likely to be unusually complex" and thus request that the Court consider it to be a "Complex Case" governed by LCrR 10.2. The Government, through AUSA C. Rombeau assents to this request. Counsel for Mr. Quaye's codefendants, J. Newman and C. Keefe, similarly assent.

WHEREFORE, Nafis Quaye respectfully requests that the Court designate this case as complex within the meaning of the Speedy Trial Act and Local Rule 10.2, postpone the July 19, 2022, trial date, and schedule a status conference to set forth relevant deadlines.

Respectfully submitted,

Dated: June 30, 2022

/s/ Eric Wolpin
Eric Wolpin
N.H. Bar #18372
Assistant Federal Public Defender
Eric_Wolpin @fd.org

CERTIFICATE OF SERVICE

I hereby certify that the above document was served electronically on June 30, 2022, upon all counsel of record through the CM/EF filing system.

/s/ Eric Wolpin
Eric Wolpin

---

[1] Rule 10.2 discusses the Court making this decision at arraignment. At that stage in the proceeding, Defense Counsel did not have access to discovery and his discussions with the defendant and the Government were primarily focused on issues of release. It is only after arraignment that Defense Counsel received discovery and conferred with the Government about those materials and the substantive allegations. The parties are making this request as soon after arraignment as practicable. Nothing in the rule bars a case from being declared complex after arraignment.