IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.  ] | No. 22-cr-46-SE-2 |
| ] | |
| NAFIS QUAYE ] | |
| ] | |

# MOTION TO AMEND CONDITIONS OF RELEASE

Nafis Quaye respectfully moves the Court to modify the conditions of his release to allow for the return of his passport and travel to Ghana to visit his elderly father or schedule a hearing on the matter.[1] Mr. Quaye makes this motion under 18 U.S.C. § 3142(c)(3) which authorizes the Court to amend an order of release to modify, add, or remove existing conditions.

As grounds for this motion, it is stated:

The Government has charged Mr. Quaye with Conspiring to commit Money Laundering. ECF Doc. 1. On May 25, 2022, he appeared at court to address the pending charge. The Court held an initial appearance and released him on conditions. The conditions of release limit his travel and required him to provide his passport to the Court. *See* ECF Doc. 14 (limiting travel to New Hampshire and Massachusetts unless the defendant provides notice to Probation of plans to travel to another state and requiring delivery of passport to the Court). On May 25, 2022, Mr. Quaye turned over his passport to the Court. *See* ECF Doc. 12 (Collateral Item Receipt for passport).

---

[1] No memorandum accompanies this motion because one is not necessary as the government has assented to the motion.

1

Mr. Quaye, a Ghanian citizen, is a lawful resident of the United States. He has lived and worked in the United States for nearly two decades. He has significant ties to the United States, including a romantic partner who lives in Massachusetts. His father and mother, however, remain in Ghana. His father is eighty-five years old and is recuperating from recent back surgery. Mr. Quaye seeks permission from the Court to travel to Ghana for fourteen days to see his elderly parents.

In addressing this request, the Court's analysis remains focused on crafting conditions of release that reasonably assure a defendant's appearance and secure the safety of any other person and the community. 18 U.S.C. § 3142(g). Permitting Mr. Quaye to travel abroad to see family does not jeopardize others' safety. Mr. Quaye has no violent or dangerous past and, upon information belief, has been compliant with the Court's existing release order.

As to concerns about his appearance, Mr. Quaye has significant incentives to return to the United States upon completing his travels. His partner and two decades of ties remain here. Mr. Quaye is aware that American law enforcement authorities effectively coordinated with Ghanian authorities to investigate his case and understands that a treaty would provide for his involuntary return should he abscond. *See* Congressional Research Service, *Extradition to and From the United States: Overview of the Law and Contemporary Treaties,* at 37, Oct. 4, 2016, *available at https://crsreports.congress.gov/product/pdf/RL/98-958* (citing 47 Stat. 2122, a 1935 extradition treaty with Great Britain that governs extraditions from Ghana).

The Court could also set additional related conditions to assure his appearance. For example, the Defense would not object to the Court requiring Mr. Quaye to

2

provide written documentation of his round-trip flights in advance of his travel and/or require that he email his probation officer daily while abroad.

The government, through AUSA C. Rombeau, objects to the requested modification at this time, but has no objection to Mr. Quaye's request for a hearing on the matter.

WHEREFORE, Mr. Quaye respectfully moves the Court to amend the release conditions to permit a two-week trip to Ghana or schedule a hearing on the matter.

Respectfully submitted,

Dated:  October 13, 2022                    */s/ Eric Wolpin*
                                            Eric Wolpin
                                            N.H. Bar #18372
                                            Assistant Federal Public Defender
                                            Eric_Wolpin @fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Eric Wolpin*
Eric Wolpin