IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 22-CR-46-SE-1-3 |
| | ] | |
| NAFIS QUAYE | ] | |
| SUNNA SEPETU | ] | |
| STELA OSABUTEY | ] | |

## ASSENTED-TO MOTION TO CONTINUE TRIAL AND RELATED DEADLINES

The defendant, Nafis Quaye, respectfully moves the Court to continue the jury trial in this case, currently scheduled for jury selection on October 17, 2023, for approximately 90 days or as necessary to accommodate a new trial date in January 2023, and reset trial-related deadlines in accordance with a schedule to be provided by the parties as set forth below.[1]

As grounds for this motion, it is stated:

In May and June of 2022, the defendants, Nafis Quaye, Sunna Sepetu, and Stella Osabutey, made their initial appearances in this case. ECF Docs. 8-23.  The fourth codefendant, Samuel Ansah, has not been arrested. In July 2022, the case was deemed complex, and trial was scheduled for October 2023. ECF Doc. 22.

In the months following Mr. Quaye's initial appearance, the government provided the defense with discovery. The discovery is voluminous, capturing an investigation that began in 2018 and continued through at least 2021, and reaches

---

[1] No memorandum accompanies this motion. One is not necessary as the government has assented to the motion.

1

back to include records, communications, and transactions covering the years preceding the investigation's commencement. In addition to lengthy business and financial records, there are digital extractions of large amounts of personal data that are relevant to the government's investigation and the defense.

Upon receiving discovery, it took significant time and defense resources to organize the discovery in a fashion that allowed for its meaningful substantive review. With that complete, Counsel met with the defendant to review discovery materials in accessibly-sized pieces and develop a broad, overview picture of facts relevant to the case. In the last several months, the defense has focused on investigating and following up on evidence at a more granular level. That process is ongoing.

The case centers on the legitimacy of national and international financial transactions made over a period of years. The government has produced significant evidence of an alleged fraud—in the form of what is colloquially called a "romance scam"—but no evidence that the Mr. Quaye or the two arrested codefendants participated in the alleged fraudulent conduct. This is evident both from the contents of discovery and from the indictment, which excludes the three codefendants from the charges most closely tied to the alleged fraudulent scheme, *see* ECF Doc. 1 at 2-3 (charging only Samuel Ansah with four counts of wire fraud), instead charging them with conspiring to commit money laundering. *Id.* at 4. The government, thus, alleges that Mr. Quaye knowingly conspired to conduct financial transactions involving the proceeds of a fraud rather than alleging that he committed the fraud. *Id.* at 4.

The primary focus at trial will be transactions involving Mr. Quaye and his associated businesses and whether those transactions pertained to legitimate business. The Defense has made efforts to identify, review, categorize, and investigate relevant transactions in advance of the currently scheduled trial date. All investigative leads that illuminate the nature of these transactions involve individuals and businesses located outside of New Hampshire. The Defense has not completed its investigation and is continuing to follow investigative leads that address or clarify the primary issues in this case.

The defense first communicated with the government about the need for additional time to produce investigative materials earlier this summer. Conversation between Counsel and the government continued both telephonically and in person. Following these conversations, the government now assents to this request for a continuance. In these circumstances, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A) & (B)(iv). For these reasons, Counsel respectfully requests a 90-day continuance of the trial date.

Counsel conferred with the defendant in regard to this motion, most recently by telephone on August 28, 2023. Counsel certifies that he consulted with the defendant about the requested continuance and explained to the defendant that, by seeking a continuance, he is waiving his constitutional and statutory rights to a speedy trial. The defendant personally assented to the continuance and Counsel will forthwith mail him a copy of the motion to continue.

AUSA Charles Rombeau has not objection to this motion. Attorneys John Newman, on behalf of Sunna Sepetu, and Charles Keefe, on behalf of Stella Osabutey, have no objection to this motion.

WHEREFORE, the Defendant respectfully moves the Court to continue the jury trial in this case for approximately 90 days or as necessary to accommodate a new trial date in January 2023, or schedule a hearing. Should the Court grant this motion, the parties will submit a revised schedule of deadlines within ten days of the Court's issuance of its order.

Respectfully submitted,

Dated: August 31, 2023

*/s/ Eric Wolpin*
Eric Wolpin
N.H. Bar #18372
Assistant Federal Public Defender
Eric_Wolpin @fd.org