IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.   ] | No. 22-CR-46-SE |
| ] | |
| NAFIS QUAYE ] | |
| SUNNA SEPETU ] | |
| STELLA OSABUTEY ] | |
| SAMUEL ANSAH ] | |

## NOTICE OF POTENTIAL GROUNDS FOR SEVERENCE

Nafis Quaye respectfully notifies the Court of potential grounds for a motion to sever his case from that of his co-defendants, Sunna Sepetu and Stella Osabutey, pursuant to Federal Rule of Criminal Procedure 14.

Fed. R. Crim. P. 14 (a) provides that "if the joinder of . . . defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires."

A defendant may face several forms of prejudice due to improper joinder, including the prejudicial "spillover" of evidence in a joint trial, the unavailability of a codefendant to testify at a joint trial, and the prejudice that follows from one or more codefendants running an antagonistic defense at a joint trial. *United States v. Drougas*, 748 F.2d 8, 18-22 (1st Cir. 1984). Here, the potential prejudice arises from the existence of antagonistic defenses.

Codefendants pursuing opposing defenses does "not *per se* require severance," but "requires severance only where the defenses are so inconsistent that the jury

1

would not believe one defendant at the expense of the other; the conflict alone establishes the guilt of a defendant." *Id.* at 19-20. *See also United States v. Pérez-Vásquez*, 6 F.4th 180, 201 (1st Cir. 2021) ("[T]o gain a severance based on antagonistic defenses, the antagonism . . . must be such that if the jury believes one defendant, it is compelled to convict the other defendant." *United States v. Floyd*, 740 F.3d 22, 36 (1st Cir. 2014) (second alteration in original) (quoting *United States v. Pena-Lora*, 225 F.3d 17, 33 (1st Cir. 2000)).").

Mr. Quaye's defense will likely focus on his *mens rea*. Mr. Quaye's codefendants may avail themselves of the opportunity to testify. Should one or both codefendants testify that Mr. Quaye knew of the underlying wrongdoing and that testimony were to be believed, the jury likely would be compelled to convict Mr. Quaye. That is the exact prejudice that severance seeks to prevent.

Whether there is prejudicial joinder is unknowable to Mr. Quaye unless and until the codefendants testify. As this issue is not yet ripe, Mr. Quaye has not sought the position of opposing counsel and seeks no relief herein. However, he files this notice to alert the Court of a legal issue that may arise mid-trial and to limit any unnecessary surprise.

                                                 Respectfully submitted,
                                                 NAFIS QUAYE
                                                 By His Attorney,

Date: January 2, 2024

                                                 */s/ Eric Wolpin*
                                                 Eric Wolpin
                                                 N.H. Bar No. 18372

/s/ Behzad Mirhashem
Behzad Mirhashem
N.H. Bar No. 10031
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Behzad_Mirhashem@fd.org