# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

United States of America

v.

Sunna Sepetu *et al.*

1:22-cr-00046-SE-1

### DEFENDANT SUNNA SEPETU'S MOTION IN LIMINE

Defendant Sunna Sepetu, through counsel, John P. Newman, Esq., respectfully requests that this Court issue an Order precluding the Government from introducing at trial evidence of other crimes, wrongs or act of the defendant as well as other evidence that is irrelevant and unfairly prejudicial.

In support, it is stated as follows:

### FACTS

1. In count six of the indictment, the Government has charged Sunna Sepetu, Nafis Quaye, Stella Osabutey and Samuel Ansah with conspiracy to commit money laundering by conducting certain financial transactions with wire fraud proceeds. The proceeds were allegedly illegally obtained by Mr. Ansah as described in counts one through five. ECF Doc. 1.

2. The investigation into this case began when Ms. Sepetu, a United States citizen and resident, re-entered the United States from Canada on December 28, 2018, at Highgate Springs, VT. Ms. Sepetu was travelling with two uncharged individuals, Ms. Sarafina Mmbaga and Mr. Saheed Owolabi.

3. According to reports, Customs and Border Patrol Officer Leszek Symanski noticed a strong odor of marijuana coming from the car. Symanski states that the occupants of the car told him they had been smoking marijuana prior to their arrival in the United States. All three were referred for additional screening. During that screening, also

according to the reports, "[c]riminal checks revealed that Mr. Owolabi's wife had a prior tecs hit for counterfeit currency."

4. During this encounter at the border, agents discovered in the car a copy of a wire transfer in the amount of $30,000.00 from a company called "Logitech Group, LLC" payable to "Sigma Plantfinder, Ltd". As the border investigation progressed, agents took several screenshots of Ms. Sepetu's phone, documenting further wire transfers.

5. In the ensuing months, more evidence was developed which led to the charges specified in the indictment.

## LEGAL ARGUMENTS

**Odor of Marijuana in the Vehicle and Admission to Smoking Marijuana**

6. Any testimony at trial that Ms. Sepetu and the other occupants of the vehicle had been smoking marijuana is inadmissible as it is evidence of another crime, wrong or act, and not subject to any of the exceptions set forth in Federal Rule of Evidence 404(b)(2). Therefore, any probative value it may have is substantially outweighed by its unfair prejudice. *See Huddleston v. United States*, 485 U.S. 681, 691 (1988) (citing Fed.R.Evid 403).

7. The Government has not filed Notice that it intends to introduce this evidence and specifying the permitted purpose, as required by Federal Rule of Evidence 404(b)(3).

8. While it is unclear from the reports supplied to date, the odor of marijuana may have triggered the additional screening,. In any event, Ms. Sepetu does not intend to contest the validity of the border stop at trial.

**Mr. Owolabi's Wife Had a "Hit" for Counterfeit Currency**

9. The statement in Symanski's report that the wife of a passenger in Ms. Sepetu's car may have engaged in activity involving counterfeit currency is not relevant for any permissible purpose.

10. The report does not explain the nature and extent of Mr. Owolabi's wife's alleged counterfeit activity.  In addition, neither she nor Mr. Owolabi are charged in the case.  Furthermore, there is no indication that Ms. Sepetu was aware of this information.

11. Accordingly, this evidence is not relevant pursuant to Federal Rules of Evidence 401 and 402.  Moreover, its probative value is substantially outweighed by its unfair prejudice.  Fed.R.Evid. 403.

## CONCURRENCE

12. The government, through Charles L. Rombeau, Esq., has indicated that it will review this motion and file a response.  Eric Wolpin, Esq., counsel for Mr. Quaye, has no objection to this motion.  Charles Keefe, Esq., counsel for Ms. Osabutey, takes no position on this motion.

## MEMORANDUM OF LAW

13. No Memorandum of Law has been filed as all legal arguments and points of authority are contained herein.

WHEREFORE, Sunna Sepetu respectfully requests that this Court issue an Order precluding the admission of the above evidence at trial in this matter.

A hearing is requested on this motion.

Respectfully submitted,

 */s/ John P. Newman*
John P. Newman, Esq.
NHBA No.:  8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
(603) 935-5603
john@newmanlawnh.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion has been forwarded by electronic mail through the ECF system on February 28, 2024, to Charles L. Rombeau, Esq., and to counsel for the codefendants.

                                                  */s/ John P. Newman*
                                                  John P. Newman