**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

United States of America

v.

Sunna Sepetu *et al.*

1:22-cr-00046-SE-1

**DEFENDANT SUNNA SEPETU'S OBJECTION TO UNITED STATES' MOTION IN LIMINE TO LIMIT, IN PART, THE TESTIMONY OF NURU MKEREMI**

Defendant Sunna Sepetu, through counsel, John P. Newman, Esq., hereby objects to the Government's motion to limit the proposed testimony of Nuru Mkeremi. (Doc. 59).

In support, it is stated as follows:

1. Ms. Sepetu intends to call Ms. Nuru Mkeremi as a witness at trial to testify to her opinion that Ms. Sepetu is honest and law abiding.

2. As the Government recognizes, this subject matter is admissible under the Rules of Evidence, specifically Fed. R. Evid 404(a)(2)(A).

3. As to the method of proving character, the defense agrees with the Government that specific instances of conduct are not admissible. *See* Fed. R. Evid. 405(b). Rather, Ms. Mkeremi, consistent with the rule, will only be able to testify as to her opinions about Ms. Sepetu's honesty and law abiding nature.

4. Ms. Sepetu objects to the Government's assertion that it would be proper for it to inquire of Ms. Mkeremi "whether she knew that the defendant was stopped at the border in part because of the strong scent of marijuana in her car." The Government takes the position that this event contradicts the assertion that Ms. Sepetu is law abiding and would therefore be admissible pursuant to Fed. R. Evid. 405(a).

5. At the border crossing, CBP Officers noted the scent of marijuana. However, there is no evidence that any occupant was under the influence of marijuana and no marijuana

was found in the vehicle.  The fact that Ms. Sepetu may have smoked marijuana outside the United States prior to crossing the border is far more prejudicial than probative and the Court should prohibit that testimony.  Any probative value it may have is substantially outweighed by its unfair prejudice.  *See Huddleston v. United States*, 485 U.S. 681, 691 (1988) (citing Fed.R.Evid 403).

6. The Government argues further that the fact that Ms. Sepetu "continued to accept money from the victim in this case even after she was confronted by law enforcement about the fraudulent nature of the transactions" demonstrates dishonesty and lack of a law abiding nature.

7. This argument is unavailing for a number of reasons.  First, as far as counsel is aware, Ms. Sepetu had no role in "accepting" the money from the alleged victim.  On information and belief, the money was wired into the account without any participation or action taken by Ms. Sepetu.

8. Second, law enforcement did not "confront" Ms. Sepetu about the fraudulent nature of the transactions.  Rather, they indicated to her that her lack of knowledge about the business and her customers was "concerning."  At no time did they confront her.  Instead, they continued to ask her for documentation.  They never recommended, suggested or directed to her to stop using the account.

9. Because the continued wire deposits into the account do not reflect dishonesty or lack of a law abiding nature, they should not be permitted on cross examination.

10. Finally, the Government makes a vague reference to "myriad other topics" that it will delve into on cross examination.

11. Ms. Sepetu requests that the Government identify pretrial exactly what other areas it believes are admissible pursuant to Fed. R. Evid. 405(a).

Here, the Defendant is unaware precisely what specific instances the Government intends to use on cross examination. With this explanation for the process in mind, the better practice is for Government's counsel to approach the Court before engaging in cross examination and to describe his good faith basis for asking the question and the relevance to the underlying case.

*United States v. Kinsella*, 545 F.Supp 2d 158, 162 (D. Me. 2008).

## MEMORANDUM OF LAW

12. No Memorandum of Law has been filed as all legal arguments and points of authority are contained herein.

WHEREFORE, Sunna Sepetu respectfully requests that this Court issue an Order consistent with the arguments made in her Objection.

Respectfully submitted,

 */s/ John P. Newman*
John P. Newman, Esq.
NHBA No.:  8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
(603) 935-5603
john@newmanlawnh.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection has been forwarded by electronic mail through the ECF system on March 11, 2024, to Charles L. Rombeau, Esq., and to counsel for the codefendants.

 */s/ John P. Newman*
John P. Newman