**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

United States of America

v.

Sunna Sepetu *et al.*

1:22-cr-00046-SE-1

**DEFENDANT SUNNA SEPETU'S RESPONSE TO DEFENDANT NAFIS QUAYE'S NOTICE OF POTENTIAL EVIDENTIARY ISSUE AT TRIAL RE:  THE ADMISSION OF HIS RECORDED STATEMENT**

Defendant Sunna Sepetu hereby responds to Defendant Nafis Quaye's Notice of Potential Evidentiary Issue filed March 12, 2024.  (Doc. 68).

As set forth by Mr. Quaye in his Notice, it is expected that the Government will introduce several incriminatory portions of his interview conducted by agents of the Department of Homeland Security on September 2, 2019.  Mr. Quaye, through counsel, has notified the Court and the parties he may seek to introduce a larger portion of the interview in order to put the interview in the proper context.

Ms. Sepetu's response is twofold. First, consistent with *Samia v. United States*, 599 U.S. 635, 644 (2023) Ms. Sepetu requests that the jury be instructed that any statements made by Quaye be considered only as evidence against him.

Ms. Sepetu's second request requires an explanation of the evidence in the case and her assessment of it.  In his interview with the agents, Mr. Quaye makes the following statements:

- Sunna Septeu "runs Logitech" and is the CEO
- "Sunna would have everything" relating to the business of Logitech.
- "I don't have Logitech; it's Sunna's."
- Sunna purchased items for Logitech and picked them up at the Computer Warehouse.
- "I never had a company, they are Sunna's companies."

At the time that Defendant Quaye filed his Motion to Sever, Ms. Sepetu did not join in that motion.  She took no position.

She took no position because in addition to Mr. Quaye's statements referenced above, counsel also assumed that a text conversation between Mr. Quaye and Ms. Sepetu would be admitted as a full exhibit at trial.  Indeed, it has been submitted as proposed Exhibit 13a by the Government and Mr. Quaye has objected to portions of it.  The Court has a copy of that text conversation, submitted in conjunction with Mr. Quaye's Motion in Limine (Doc. 67).  The conversation spans several months of WhatsApp messaging between the two parties.  The text conversation is replete with examples of Mr. Quaye instructing Ms. Sepetu as to whom money should be wired, how much should be wired, and what the relevant routing and account numbers were.  Furthermore, in those conversations, Ms. Sepetu asks Mr. Quaye how to answer questions about the gross income of Logitech, and how to file taxes.  When the Quaye interview is admitted along with the text conversation, it is clear that Mr. Quaye deflecting in his interview.  He is actually running the bank account, and Ms. Sepetu is simply the account holder.  The contrast between the two pieces of evidence is crucial to Ms. Sepetu's defense.

Yesterday counsel for Ms. Sepetu learned that the Government's intent is to <u>not</u> introduce the text conversation as an exhibit.  Counsel learned this through a conversation with counsel for Mr. Quaye.  Counsel has yet to confirm this with counsel for the Government.  He has sent emails and voicemails and is awaiting a response.  Due to the significance of the issue and the imminent trial date, counsel is filing this response without final confirmation from the Government.

If the Government does not introduce its Exhibit 13a, the statements Mr. Quaye makes about Ms. Sepetu's involvement stand uncontradicted and directly inculpate her. Thus, it is appropriate that, if these statements are introduced, Ms. Sepetu's name should be redacted, as *Samia* requires, in order to avoid a confrontation clause violation. This is a recorded interview and Mr. Quaye may want to introduce portions of the actual recording in order to provide tone, progression and other context. As a practical matter it is highly doubtful the recorded interview can be edited while still depicting the true tenor of the interview. Thus, it is now clear that Ms. Sepetu can not be afforded a fair trial if the defendants are joined.

In light of these recent developments, and the reality that the evidence now anticipated will not comply with the dictates of *Samia*, Ms. Sepetu requests that the Court reconsider its denial of severance in order to preserve her rights to confrontation and due process.

Respectfully submitted,

*/s/ John P. Newman*
John P. Newman, Esq.
NHBA No.: 8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
(603) 935-5603
john@newmanlawnh.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response has been forwarded by electronic mail through the ECF system on March 14, 2024 to Charles L. Rombeau, Esq., and to counsel for the codefendants.

*/s/ John P. Newman*
John P. Newman