**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

**United States of America**

     v.                             **C**riminal No. 22-cr-46-SE

**Sunna Sepetu and**
**Nafis Quaye**

## JURY INSTRUCTIONS

## INTRODUCTION

At this stage of the trial it is my duty to instruct you on the principles of law that you will apply in deciding this case. It is your duty to follow these instructions during your deliberations. You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY SOLE JUDGES OF FACT

You are the sole and exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy. You must make a determination as to what the facts are, what the truth is, based upon the evidence presented in the

1

case. You will decide the case by applying the law as I give it to you in these instructions and the

facts as you find them to be from the evidence.

## **CREDIBILITY OF WITNESSES**

In determining what the facts are, what the truth is, you must necessarily assess the

credibility of each witness and determine what weight you will give to each witness's testimony.

By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which

each witness has testified, and every matter in evidence which tends to show whether a witness is

worthy of belief or not worthy of belief. Consider each witness's intelligence, motive, state of

mind, demeanor, and manner while testifying. Consider the witness's ability to see, hear, or

know the matters about which that witness has testified. Consider whether the witness had a

good memory about the contents of his or her testimony. Consider whether the witness had any

reason for telling the truth or not telling the truth, whether the witness had an interest in the

outcome of the case, whether the witness had anything to gain or lose as a result of his or her

testimony, whether the witness had any friendship, relationship, or animosity towards other

individuals involved in the case, whether the witness's testimony was consistent or inconsistent

with the witness's own testimony and the testimony of other witnesses. Consider the extent to

which, if any, the testimony of each witness is either supported or contradicted by other evidence

in the case.

After assessing the credibility of each witness, you will assign to the testimony of each

witness, both under direct and cross-examination, such weight as you deem proper. You are not

required to believe the testimony of any witness simply because that witness was under oath.

You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## CREDIBILITY OF GOVERNMENT AGENTS

During the course of the trial you have heard several government agents testify. You should consider the testimony of a government agent in the same manner as you consider the testimony of any other witness in the case. In no event should you give the testimony of a government agent any more credibility or any less credibility simply because that witness is a government agent.

## CREDIBILITY OF COOPERATING WITNESSES

During the course of the trial you have heard the testimony of a witness who asserts that she is cooperating with the government. Her testimony may be received in evidence and considered by you even though not corroborated by other evidence, and you may give such testimony the weight you deem appropriate under the circumstances. However, you should keep in mind that such testimony is always to be received with caution and considered with great care. You cannot convict a defendant solely upon the unsupported testimony of a cooperating witness, unless you believe that unsupported testimony beyond a reasonable doubt.

In scrutinizing the manner and circumstances of the testimony given, you may consider any agreement that the government has entered into with a witness to determine how it affects any testimony given. You may consider whether a cooperating witness would benefit more by lying or by telling the truth. Was the witness's testimony made up in any way because she

believed or hoped that she would somehow receive favorable treatment by testifying falsely? Or did she believe that her interests would best be served by testifying truthfully? In short, you may consider how a witness's hope of future benefits may affect her testimony.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that the witness previously made statements which are different than, or inconsistent with, his or her testimony here in court. Inconsistent or contradictory statements which are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these out-of-court statements. You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to

4

be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## MULTIPLE DEFENDANTS

There are two defendants on trial before you. You must, as a matter of law, consider each defendant's guilt separately, and you must return a separate verdict for each defendant on the count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant stands or fails upon the proof or lack of proof against that defendant alone, and your verdict as to one defendant should not control your decision as to the other defendant. No other considerations are proper.

For the remainder of the instructions, I will refer to the "defendant" rather than the "defendants." The word "defendant" applies equally to Sunna Sepetu and Nafis Quaye as that word is used in these instructions.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You will consider all of the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue. You will consider all of the evidence no

matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

## STATEMENTS AND OBJECTIONS BY COUNSEL

During the course of the trial you have heard certain statements, arguments and remarks from counsel. These are intended to help you understand the evidence and apply the law to this case. However, in the event that counsel have made any statements concerning the evidence that are contrary to your recollection of the evidence, then you must rely on your own recollection as to the evidence. If counsel have made any statements concerning the law that are contrary to my instructions, you must apply the law as I explain it. You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than the law as I give it to you in my instructions.

From time to time during the course of the trial counsel have made objections. This is a proper function to be performed by counsel on behalf of their respective clients. You should not concern yourself with the fact that objections have been made, nor with my rulings on those objections. I must rule on objections and I have not intended to indicate in any way by my rulings or by what I have said what the verdict should be in this case.

In this case, as in all cases, I am completely neutral and impartial. It is up to you to determine whether the defendant is guilty or not guilty based on the facts as you find them to be and the law as I give it to you.

## WHAT IS EVIDENCE

The direct evidence in this case consists of (1) the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who may have called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence:

As I have instructed, arguments and statements by lawyers are not evidence. Questions and objections by lawyers are not evidence. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked and any stipulations which have been agreed to by the lawyers for both sides.

Evidence may also be used to prove a fact by inference, and this is referred to as circumstantial evidence. In other words, from examining direct evidence you may be able to

draw certain inferences which are reasonable and justified in light of your daily experience and common sense. Such reasonable inferences constitute circumstantial evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is up to you to decide how to weigh the evidence in this case. However, the defendant cannot be found guilty of any crime based upon a hunch or a suspicion, even a strong one, or on what is probably the case. The defendant can only be found guilty if on the direct evidence and the reasonable inferences you draw from the direct evidence (that is, the circumstantial evidence), you are satisfied that he or she is guilty of the crime beyond a reasonable doubt.

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

## CHARTS AND SUMMARIES

Certain charts and summaries of the evidence have been admitted in evidence. Charts and summaries are only as good as the underlying, supporting material. You should, therefore, give them only such weight as you would give to the underlying material.

**UNCHARGED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS**

Some of the people who have been involved in the events relevant to the conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding. It is not up to you to decide whether anyone who is <u>not</u> on trial in this case should be prosecuted for a crime. The fact that another person may be guilty of an offense is no defense to the criminal charges against a defendant in this case.

Nor is there any requirement that the names of the other conspirators be known. The government can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

**EVIDENCE ADMITTED FOR A LIMITED PURPOSE**

During the course of the trial, I may have instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow these instructions during your deliberations.

**PRESUMPTION OF INNOCENCE**

The defendant has been charged by indictment, which is merely a formal method of accusing an individual of a crime in order to bring that person to trial. The fact that an indictment has been returned against the defendant is not evidence of the defendant's guilt. You will determine whether the defendant is guilty or not guilty of the offense charged based on a consideration of all of the evidence presented and the law applicable to the case.

A defendant, although accused, begins a trial with a clean slate – with no evidence against him or her. The law permits you to consider only the admissible evidence presented at trial in support of the charge against the defendant.

The presumption of innocence alone is sufficient to acquit the defendant unless you are satisfied beyond a reasonable doubt that he or she is guilty after a careful and impartial consideration of all of the evidence in the case.

### GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt. The burden of proof never shifts to the defendant to demonstrate his or her innocence. The law does not impose upon a defendant in a criminal case the obligation to call any witnesses or produce any evidence.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt as to whether the defendant is guilty of the crime charged, you must find him or her not guilty on that charge.

The defendant has pleaded not guilty to the charged crime. That plea puts in issue all of the essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of those elements by proof beyond a reasonable doubt.

The jury must never find a defendant guilty based on mere suspicion, conjecture, or guess. Likewise, the jury must never find a defendant guilty because it thinks he or she "might" be guilty or that he or she is "probably" guilty. Before you may return a verdict of guilty as to the

crime charged, you must unanimously conclude, beyond a reasonable doubt, that the defendant committed each of the essential elements of that offense.

## DATE OF OFFENSE - ON OR ABOUT

You will note that the government charges that the offense at issue was committed on or about certain dates. The proof need not establish with certainty the exact date of an alleged offense when the term "on or about" is used, for in such instance, it is sufficient if the evidence establishes beyond a reasonable doubt that the offense charged was committed on a date reasonably near the date alleged; that is, a date reasonably close in time to the date upon which the offense is alleged to have occurred.

## THE CHARGED OFFENSE

In this case, the government charges that between an unknown date but starting no later than on or about December 2, 2015, and continuing until an unknown date not before on or about August 10, 2020, in the District of New Hampshire, and elsewhere, Sunna Sepetu and Nafis Quaye knowingly conspired and agreed with each other and other persons to commit the crime of money laundering. The government must prove beyond a reasonable doubt each essential element of the crime in the manner charged before you may return a verdict of guilty for the defendant.

As I will explain in more detail below, that means that to find the defendant guilty, you must find that the government has proven beyond a reasonable doubt that he or she knowingly and willfully entered into an agreement with at least one other person to commit the crime of money laundering.

11

Before explaining the elements of the conspiracy charged, I will first explain the definition of money laundering. This will help you in considering the elements of the charged conspiracy; that is, whether the defendant knowingly and willfully entered into an agreement to commit money laundering.

To be clear, the defendant is not charged with the separate crime of money laundering. Therefore, as you consider the elements of that crime as it relates to this conspiracy, you should remember that the government does not need to prove that the defendant himself or herself engaged in money laundering.

## **Money Laundering**

Money laundering has the following elements:

First, a person entered into a financial transaction or transactions with a financial institution engaged in interstate commerce;

Second, the transaction involved the use of proceeds of unlawful activity, specifically, proceeds of wire fraud;

Third, the person knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

Fourth, the person knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

I will now provide you with additional information concerning each of these elements.

**Financial Transaction.** The term "transaction" includes: a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition, and with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce. Thus, a withdrawal, deposit, or transfer of funds from a bank is a financial transaction.

**Proceeds of Wire Fraud.** The term "proceeds" means any funds that someone acquires or retains as a result of the commission of the unlawful activity.

**Knowledge.** A person acts "knowingly" if he or she is conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her, and did not act based on ignorance, mistake, or accident.

The knowledge requirement for the crime of money laundering is twofold: the government must demonstrate (i) that the person knew that the funds involved in the financial transaction were the proceeds of some state or federal felony (the third element), and (ii) that the person knew the transaction itself was designed in whole or in part to conceal the nature, locations, source, ownership, or control of the proceeds of such unlawful activity (the fourth element).

13

With regard to the third element, the government need only prove that the person knew that the money or funds involved in the transaction were the proceeds of some kind of crime that is a felony under federal or state law; the government need not prove that the person knew exactly what crime generated the funds. I instruct you that wire fraud is a felony.

In deciding whether a defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he or she deliberately closed his or her eyes to a fact that otherwise would have been obvious to him or her. In order to infer such knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of the fact. That is to say, the defendant willfully made himself or herself blind to the fact. It is entirely up to you to determine whether he or she deliberately closed his or her eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact or legal requirement is not sufficient. There must be deliberate effort to remain ignorant of the fact.

**Commingled Funds.** A financial transaction charged as money laundering does not need to be directly traced to the deposit of the proceeds of the specified unlawful activity. Once funds from a specified unlawful activity are combined or commingled with other funds, it is sufficient if the commingled funds were involved in the financial transaction.

**Wire Fraud.** The definition of money laundering, as it applies in this case, involves the crime of wire fraud. In other words, the government has alleged that one or more co-conspirators

agreed to conduct financial transactions involving funds that were, in fact, the proceeds of a wire-fraud offense.

Wire fraud is a scheme to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises. To constitute wire fraud, interstate or foreign wire communication must be used to further or execute the scheme. For example, a wire fraud would occur if the government proves, beyond a reasonable doubt, that someone fraudulently induced another person to send money to someone interstate or internationally. In this case, the government alleges that Samuel Ansah and others used interstate or foreign wire communications in furtherance of a romance scheme to fraudulently induce a victim to send money.

As with the crime of money laundering, the defendant is not charged with committing the wire fraud. The defendant is charged with conspiring to launder the proceeds of wire fraud committed by others. Thus, the government does not need to prove that the defendant committed or was responsible for any wire fraud. However, the government must prove that at least some amount of the money or property the defendant conspired to launder included proceeds of wire fraud.

The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of wire fraud. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction includes proceeds of wire fraud.

**<u>Conspiracy to Commit Money Laundering</u>**

Now that I have instructed you on the definitions of money laundering and wire fraud, I will instruct you on the elements of the crime charged in this case: conspiracy to commit money laundering. The government must prove each of the following two elements beyond a reasonable doubt to prove that the defendant is guilty of the conspiracy charged in this case.

First, that the agreement charged, and not some other agreement or agreements, existed between at least two people to commit the crime of money laundering; and

Second, the defendant knowingly, willfully, and intentionally agreed with one or more persons to enter into the agreement to launder money.

I will now further explain some of the elements and define some of these terms for you.

**<u>First Element – Agreement to Commit Money Laundering</u>**

A conspiracy is an agreement, spoken or unspoken. It does not need to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. Thus, for the government to satisfy this element, it need not prove that there was any express or formal agreement.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime; that is, about the crime of money laundering. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

**Second Element: Knowledge, Willfulness, and Intent**

To prove the conspiracy charge against the defendant, the government must prove beyond a reasonable doubt that the defendant knowingly, willfully, and intentionally joined in the conspiracy. Specifically, the government must prove knowledge of the conspiracy and its purpose, an intent to agree to the conspiracy, and an intent to achieve the conspiracy's unlawful objectives.

A defendant does not act knowingly, willfully, or intentionally if his or her conduct is involuntary or if it is the result of an accident, mistake or misunderstanding that prevents the defendant from acting with the required intent. If the evidence leaves a reasonable doubt as to whether the defendant acted with criminal intent as opposed to acting in good faith, you should find the defendant not guilty.

Proof that the defendant willfully joined the agreement must be based upon evidence of his or her own words or actions, or both. To act willfully means to act voluntarily and intelligently and with specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law.

The extent of the defendant's participation has no bearing on the defendant's guilt or innocence. Some conspirators may play major roles, while others have minor participation. Moreover, it is not required that a person be a member of the conspiracy from its very start to be a conspirator. Nor is it required that a person agree specifically to or know about all of the details of the crime, or know every conspirator. Similarly, mere association with a conspiracy member does not make someone a conspirator.

A defendant must know of the conspiracy when he or she becomes a member. That is to say, he or she must be aware of the existence of the conspiracy and its unlawful objectives. Here,

the government must prove that the defendant knew that the agreement involved transactions that were the proceeds of wire fraud and that the defendant knew that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of wire fraud.

A person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy is not a conspirator. Knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

As I described with regard to money laundering, you may, but you are not required to, infer actual knowledge based on evidence of willful blindness, that is awareness of a high probability of the fact in question and conscious and deliberate avoidance of learning the fact in question. You can refer to the instructions for money laundering for a fuller description of knowledge and willful blindness.

## VERDICT FORM

In the verdict form, you will be asked to indicate whether you find each defendant "guilty" or "not guilty" of the offense charged. Remember that you may not find the defendant

guilty unless you unanimously find that the government has proven beyond a reasonable doubt each element of the crime as to the defendant.

## NOTE TAKING

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. You might have made an error or a mistake in recording what you have seen or heard. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was. Your notes are not official transcripts of the testimony.

## JURY EVIDENCE RECORDING SYSTEM "JERS"

You will be able to view the documentary exhibits in this case through an electronic system called "JERS." "J-E-R-S" stands for "Jury Evidence Recording System." There is a plasma television in your deliberation room. You will be able to view the exhibits from that plasma television screen. It is operated by touch. The courtroom deputy will give you a brief tutorial.

You should understand that you will also have all documentary exhibits in paper copy to examine as well. The JERS system is simply another way for you to view the exhibits. The advantage is that you can all see the exhibit on the screen and discuss that exhibit while seeing it displayed on the screen. You may consider any and all exhibits in the JERS system.

It is easy to use, especially after you see the tutorial. But, if you have a question about JERS, as with any other question you might have, **YOU MUST PUT IT IN WRITING**. Even if

you need some sort of technical assistance with JERS, you will need to put your request in writing so that the court security officer can present it to me. Before resolving any of your questions, I will show your written question to the lawyers.

## **CONCLUSION**

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to the parties. You are to exercise your judgment and common sense without prejudice, without sympathy, but with honesty and understanding. You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of this court. Remember also that the question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings with respect to each crime charged:

1. If you have a reasonable doubt as to whether the government has proved any one or more of the elements of the crime charged, including the identity of the defendant as the perpetrator of the crime, it is your duty to find the defendant not guilty.

2. If you find that the government has proved all of the elements of the crime charged beyond a reasonable doubt, including the identity of the defendant as the perpetrator of the crime, then you may find the defendant guilty.

The punishment provided by law for the offense charged is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict.

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments on the evidence and on the law.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors or merely for the purpose of returning a verdict. You should also take as much time for deliberations in this case as you consider to be necessary and appropriate.

Remember at all times that you are not partisans. You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case. If during your deliberations it becomes necessary to communicate with the court, you may do so only in writing, signed by the foreperson or by one or more members of the jury. Give that note to the court security officer and it will be brought to the court's attention. No member of the jury should ever attempt to communicate with the court except by a signed writing, and the court will communicate with the jury on anything concerning the case either in writing or orally in the courtroom. Remember that you are not to tell anyone, including the court, how the jury stands, numerically or otherwise, on

the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.

Nothing said in these instructions is intended to suggest or to convey in any way or manner what your verdict should be. The verdict is the sole and exclusive duty and responsibility of the jury.

When you have completed the verdict form according to these instructions and the instructions on the form, you will have concluded your deliberations and arrived at a verdict for each defendant. At that point the foreperson should sign and date the verdict form. Then notify the security officer and you will be returned to the courtroom.